IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PRESTON GOETZKE, an individual,**

    **Plaintiff,**

**BILLY JOHNSON, MESA WELL SERVICING;**
**JOHN and JANE DOES I-X; BLACK and WHITE**
**CORPORATIONS I-X; ABC PARTNERSHIPS**
**I-X; and ABC ORGANIZATIONS I-X,**

    **Defendants.**

## ORDER DENYING MOTION FOR SERVICE BY PUBLICATION

**THIS MATTER** is before the Court on Plaintiff's *Motion for Service by Publication* ("Motion"), filed February 2, 2026. Doc. 4. Plaintiff requests an order authorizing service by publication upon Defendant Billy Johnson pursuant to Fed. R. Civ. P. 4(e)(1) and Rule 1-004 NMRA. *Id.* Having reviewed the Motion and being fully advised in the premises, the Court **DENIES** the Motion **WITHOUT PREJUDICE**.

## LEGAL STANDARDS

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule." NMRA 1-004(J), (K). Service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable" and it is not "feasible to give notice to the defendant in some manner more likely to bring the action to his attention." *T.H. McElvain Oil & Gas Ltd. P'ship v.*

*Grp. I: Benson-Montin-Greer Drilling Corp.*, 388 P.3d 240, 249 (N.M. 2016) (citations and internal quotation marks omitted); *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979) (citations omitted). Accordingly, "the exercise of diligence and good faith to locate a defendant are implicit prerequisites to effective service of process by publication." *T.H. McElvain Oil & Gas Ltd. P'ship*, 388 P.3d at 250 (citations omitted).

Diligence may be established by showing that the plaintiff carefully followed the procedural steps outlined in the state's rules. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *Soto v. Vill. of Milan Police Dep't*, No. 10-0043 WJ/ACT, 2010 WL 11619168, at *2 (D.N.M. Sept. 17, 2010) (unpublished). The procedure for personal service of process upon an individual is outlined in NMRA 1-004(F), which permits service by delivery to the individual personally or by mail or commercial courier service. NMRA 1-004(F)(1). If either in-person service or service by mail is ineffective, then "service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant ... *and* mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." NMRA 1-004(F)(2) (emphasis added). If service fails under *both* subparagraphs (1) and (2), then service may be made upon the defendant's place of business or employment. NMRA 1-004(F)(3).

## ANALYSIS

Plaintiff's Motion and Affidavit establish that multiple good-faith attempts were made to serve Defendant Billy Johnson in person at (1) the San Juan Adult Detention Center, Farmington, New Mexico; (2) 135 N. Jenning Street in Bloomfield, New Mexico; and (3) 86 Road 5285, Bloomfield, New Mexico. Doc. 4 at 2, 4-5. Plaintiff also contacted Defendant Billy Johnson's

known counsel[1] and inquired whether they would accept service on Defendant Johnson's behalf and was advised they declined to do so. *Id.*

Plaintiff's Motion and Affidavit, however, fails to establish that he has exhausted all feasible avenues of service other than service by publication. NMRA 1-004 specifically provides:

> **F.      Process; Personal Service Upon an Individual**
>
> (1)    Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:
>
> > (a)    to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where he individual has been found; and if the individual refuses to receive such copies of permit them to be left, such action shall constitute valid service; or
> >
> > (b)    by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.[2]
>
> (2)    If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or
>
> (3)    If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to

---

[1] Plaintiff contacted the law firm Ray | Peña | McChristian, P.C. Attorney Jeramy I. Schmehl confirmed that "our office represents Mr. Johnson" and represented that they would not accept service on Mr. Johnson's behalf. Doc. 4-4 at 3.

[2]      Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

NMRA 1-004(E)(3).

>   the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

NMRA 1-004(F)(1)-(3).

Here, the Affidavit of Non-Service dated November 19, 2025, indicates that the process server was informed that Defendant Billy Johnson "resides but not available at this time" at 135 N. Jennings St., Bloomfield, San Juan County, NM 87413.  Doc. 4-2.  Given this known address, however, Plaintiff's Motion and Affidavit fail to discuss any attempt to serve Defendant Johnson pursuant to the provisions of NMRA 1-004(F)(1)(b) or NMRA 1-004(F)(2).  Further, if Plaintiff's attempts pursuant to these provisions are unsuccessful, process may be attempted pursuant to NMRA 1-004(F)(3).[3]

Accordingly, Plaintiff's Motion and Affidavit fail to make the requisite showing for the Court to authorize service by publication at this time.  *See* NMRA 1-004(J)-(K).

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion is not well taken.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff, for good cause shown, has until **Friday, March 6, 2026**, to effect service on Defendant Billy Johnson.  If Plaintiff requires additional time, he may move for an extension pursuant to Federal Rule of Civil Procedure 6(b).

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

---

[3] Plaintiff's Motion and Affidavit do not show that Defendant Johnson's place of business or current employment are unascertainable or that attempts to deliver a copy of process in this manner was unsuccessful.